IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NICOLE ACCARDI, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiffs, | : : | Civil Action File No. |
| v. | : : : | **JURY TRIAL DEMANDED** |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | : : : | |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

1. NICOLE ACCARDI, on behalf of herself and all others similarly situated, allege Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") by leaving pre-recorded messages to consumers without providing meaningful disclosure of the purpose of the call and without disclosing that the communications were from a debt collector.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 15 U.S.C. § 1692k(d).

3.  Venue in this District is proper because a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

4.  Plaintiff NICOLE ACCARDI is a natural person residing in Cobb County Georgia and is authorized by law to bring this action.

5.  Plaintiffs is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  Defendant FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. is a corporation organized under the laws of the State of Georgia in 1993. [Hereinafter said defendant is referred to as "FAMS"]

7.  FAMS is subject to the jurisdiction and venue of this Court.

8.  FAMS conducts collection activity through the United States and contacts consumers such as Plaintiff that reside in the State of Georgia

9.  FAMS may be served by personal service upon its registered agent in the State of Georgia, to wit: Timothy J. Burson, 200 Ashford Center North, Suite 500, Atlanta, GA 30338.

10. Alternatively, FAMS may be served on an officer or authorized agent at its principal place of business in Georgia, to wit: 167 Lakeside Parkway, Suite 402, Tucker, GA 30084.

11. Alternatively, FAMS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the state of Georgia.

## FACTUAL ALLEGATIONS

12. FAMS regularly uses the mails and telephone communications in its business, for which the principal purpose is the collection of debts.

13. FAMS regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or do another.

14. FAMS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

15. The principle purpose of Defendant's business is the collection of debts.

16. Defendant regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

17. During the last 12 months, FAMS has attempted to collect a debt allegedly incurred by Plaintiff for personal, family or household purposes to a business not a party to this litigation.

18. FAMS initiated telephone calls to Plaintiff's personal cellular telephone number of (404) 217-8609.

19. The telephone calls were initiated in an attempt to collect a medical debt from the plaintiff.

20. FAMS has communicated with Plaintiff by voice mail when calling (404) 217-8609.

21. FAMS left a series of at least four identical pre-recorded voice mail messages for which it did not state the nature of its business or the purpose of the call when leaving a message for Plaintiff Nicole Accardi and seeking a return call.

22. The content of the four pre-recorded messages that were left with Plaintiff Nicole Accardi were identical and the content of each were as follows:

**"Please return this call to Financial Asset Management Systems at 800 399 4183 between the hours of 8:00 am and 6:00 pm eastern time. Thank you."**

23. All of the pre-recorded messages left by Defendant were identical and they all failed to provide meaningful disclosure of the purpose of the call.

24. FAMS did not state that the communication was from a debt collector in its pre-recorded voice mail messages.

25. FAMS did not state that the purpose of the communication was an attempt to collect a debt in its pre-recorded voice mail messages.

26. Plaintiff has complied with all conditions precedent to bring this action.

## CLASS ACTION ALLEGATIONS

27. This action is brought on behalf of a class defined as (I) all natural persons residing in one of the ten (10) counties which are included in the Atlanta Division of the Northern District of Georgia to whom Defendant FAMS left a pre-recorded telephone message (ii) for which it failed to state the purpose of the call or state that it was a debt collector (iii) in an attempt to collect a debt allegedly incurred for personal, family, or household purposes (iv) which was owed or due or asserted to be owed or due to Emory Healthcare (v) during the one year period prior to the filing of the complaint in this matter through the date of class certification.

28. The exact size of the class is information within the exclusive knowledge of the defendant.

29. The class size is numerous and equals or exceeds forty (40) members.

30. The class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the class.

32. These common issues predominate over any issues involving only individual class members.

33. The commons issues include the following:

    a. Whether Defendant is a debt collector.

b. Whether Defendants' telephone messages violate the FDCPA.

34. The claim of the named Plaintiff is typical of those of all the class members and all claims are based on the same facts and legal theories.

35. Plaintiff will fairly and adequately protect the interests of the class.

36. Plaintiff has retained counsel experienced in handling class actions involving unlawful practices under the FDCPA.

37. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

38. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

   a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

   b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Plaintiffs request certification of a class pursuant to Rule 23(b)(3) for monetary damages.

## CAUSES OF ACTION

## <u>FAIR DEBT COLLECTION PRACTICES ACT</u>

40. Plaintiff incorporates the foregoing paragraphs.

41. The acts of defendant as described above constitute violations of the Fair Debt Collection Practices Act.

42. Defendant's violations of the FDCPA include, but are not limited to, the following violations of 15 U.S.C. §§ 1692d and 1692e:

43. In their telephone messages, Defendants did not provide meaningful disclosure of the nature of their business, in violation of 15 U.S.C. § 1692d(6). *Edwards v. Niagara Credit Solutions Inc.*, 584 F.3d 1350 (11th Cir. 2009).

44. In their telephone messages, Defendants failed to state that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11). *Edwards v. Niagara Credit Solutions Inc.*, 584 F.3d 1350 (11th Cir. 2009).

45. As a result of Defendant's actions, Plaintiff and the class-members are entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## JURY TRIAL DEMAND

46. Plaintiffs demand a trial by jury on all issue so triable.

WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY THAT THE COURT ENTER JUDGMENT IN FAVOR OF THEMSELVES AND THE CLASS THEY SEEK TO REPRESENT AGAINST DEFENDANT, AS FOLLOWS:

A. That this matter be certified to proceed as a class action;

B. That the Court award statutory damages to Plaintiffs and the Class pursuant to 15 U.S.C. §1692k;

C. That the Court award attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

D. That the Court award such other or further relief as the Court deems proper.

Respectfully submitted,   **SKAAR & FEAGLE, LLP**

by:   /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610

-9-

kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax

-9-